IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ELECTRONICALLY FILED
Aug 04 2020
U.S. DISTRICT COURT
Northern District of WV

| | |
|---|---|
| ATLANTIC NITROGEN AND TESTING, LLC, and ATLANTIC NITROGEN PUMPING SERVICES, LLC<br><br>Plaintiff,<br><br>v.<br><br>RYAN ENVIRONMENTAL, LLC<br><br>Defendant. | CIVIL ACTION<br><br>No.: __1:20-CV-152 (Keeley)__ |

## COMPLAINT

Plaintiffs, Atlantic Nitrogen and Testing, LLC, and Atlantic Nitrogen Pumping Services, LLC, by and through their undersigned counsel, file the following Complaint against Defendant, Ryan Environmental, LLC, and in support thereof aver as follows:

### Parties

1. Plaintiff, Atlantic Nitrogen and Testing, LLC, a Pennsylvania limited liability company with its principal place of business at 100 Hamilton Street, Washington, Pennsylvania 15301, is a multi-service company that performs construction, testing, and maintenance of pipelines in the oil and gas industry.

2. Plaintiff, Atlantic Nitrogen Pumping Services, LLC, a Pennsylvania limited liability company with its principal place of business at 100 Hamilton Street, Washington, Pennsylvania 15301, is a multi-service company that performs pumping services of pipelines in the oil and gas industry.

3. Plaintiff, Atlantic Nitrogen and Testing, LLC, and Plaintiff, Atlantic Nitrogen Pumping Services, LLC, shall be collectively referred to herein as "Plaintiffs."

4. Defendant Ryan Environmental, LLC ("Defendant"), a West Virginia limited liability company, is an environmental consultant with a principal place of business at 5793 W. Veterans Memorial Highway, Bridgeport, West Virginia 26330.

## Jurisdiction

5. In this case, the amount in controversy exceeds $75,000 exclusive of interest and costs.

6. Plaintiffs are citizens of Pennsylvania. On information and belief, Defendant is a citizen of West Virginia. Because Defendant is diverse from all Plaintiffs and the amount at issue is more than $75,000, this Court has jurisdiction under 28 U.S.C. §1332.

## Facts

7. Defendant entered into a Promissory Note with Plaintiffs dated September 23, 2019 (the "Note"). A copy of the Note is attached hereto as Exhibit A.

8. Defendant was the Maker of the Note and as such, promised to pay Plaintiffs $115,991.66.

9. Under the Note, Defendant agreed to pay $9,655.98 ("Installment Payment") to Plaintiffs on the 1st of each month with a final balloon payment on September 1, 2020.

10.  Under the Note, Defendant was required to pay the Installment Payment and/or any others amounts due to Plaintiffs within ten (10) days of its due date.

11.  Pursuant to the Note, failure to make this payment within ten (10) days of its due date (i.e. April 11, 2020) constituted an Event of Default.

12.  Defendant failed to make its April 2020 Installment Payment.

13.  On or about May 1, 2020, Defendant was served with a Notice of Default and Calculation of Interest at Default Rate Under Promissory Note ("May 1st Notice of Default"). A true and correct copy of the May 1st Notice of Default is attached as Exhibit B.

14.  Pursuant to the Note, as of April 12, 2020, interest accrued at the rate of five (5%) percent per annum (the "Default Rate") on the entire outstanding principal balance, which was at that time $74,847.60, and continues to accrue during the Event of Default or any other Event of Default.

15.  Additionally under the terms of the Note "[f]ollowing the occurrence and during the continuance of an Event of Default, the Holder may, at its option, (i) declare the unpaid principal of this Note immediately due and payable without notice, demand or presentment, all of which are hereby waived, and upon such declaration, the same shall become and shall be immediately due and payable, or (ii) begin accruing interest at the Default Rate." The same paragraph entitles Plaintiffs to make these remedies "cumulative and concurrent, and [they] may be pursued singularly, successively or together against Maker at the sole discretion of Holder…."

16.  Defendant failed to make payment.

17. On June 30, 2020, Plaintiffs provided Defendant written notice that it failed to cure the Default and the Note remains in default. A true and correct copy of the June 30, 2020 Notice of Default is attached as Exhibit C.

18. On June 30, 2020, Plaintiffs exercised their right under the Note to declare that the entire unpaid principal of this Note ($74,847.60) and all interest accrued was immediately due and payable and demanded that Defendant pay the unpaid principal of this Note in full in the amount of $75,575.57 immediately. See Exhibit C.

19. Defendant failed and refused to cure its breach.

20. To date, no payments have been made by or on behalf of Defendant since the demand for the entire unpaid principal balance, which as of July 27, 2020 was $77,319.18.

21. As set forth more fully in the Note, Plaintiffs are also entitled to all costs, fees, and expenses, including reasonable attorney's fees, related to their enforcement of the Note and the obligations thereunder.

## Count I-Breach of Contract

22. Plaintiffs incorporate Paragraphs 1 through 21 as if set forth fully herein.

23. The Note was a valid and enforceable contract between the parties.

24. Defendant breached, and continues to breach, the contract by failing to make the agreed payments.

25. Plaintiffs have suffered, and continue to suffer, damages from the breach of contract, including interest and attorneys' fees.

WHEREFORE Plaintiffs seek judgment in their favor in the amount of $77,319.18, plus attorney's fees, interest, costs, and such other and further relief as this Court deems appropriate.

                              Respectfully submitted:

                              STRASSBURGER McKENNA GUTNICK
                              & GEFSKY

By:   /s/ Pamela W. Connelly
        Pamela W. Connelly
        WV ID No.: 7094
        Danielle L. Dietrich
        WV ID No.: 10151

        Four Gateway Center, Suite 2200
        444 Liberty Avenue
        Pittsburgh, PA 15222
        T - (412) 281-5423
        F- (412) 281-8264
        pconnelly@smgglaw.com
        ddietrich@smgglaw.com